Butler v. Harrison.

## Hubert W. Butler v. Carter H. Harrison, Mayor, etc., et al.

### Gen. No. 12,243.

1. CERTIORARI—*when common law writ of, lies.* The common law writ of *certiorari* will lie from a superior court to an inferior tribunal exercising judicial or *quasi*-judicial powers, notwithstanding property rights are not involved. It does not lie, however, to inferior tribunals or bodies not exercising judicial or *quasi*-judicial functions.

2. CERTIORARI—*when action of court in exercising discretion in refusing, will not be reversed.* Where the power to grant the common law writ of *certiorari* is discretionary, the action of the court

in refusing to grant the same will not be reversed unless a clear case of capricious, arbitrary or wilfully perverse exercise of discretion is made to appear.

3. CITY COUNCIL—*when common law writ of certiorari does not lie to review proceeding of.* The common law writ of *certiorari* does not lie to review the action of the city council in disciplining one of its members for words spoken in debate.

*Certiorari* proceeding. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 18, 1906.

BENSON LANDON, for appellant.

JOHN W. BECKWITH and WILLIAM H. SEXTON, Assistant Corporation Counsel, for appellees; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Cook county entered February 11, 1905, overruling appellant's motion for a common law writ of *certiorari* to be directed to the mayor, city clerk and city council of Chicago. The bill of exceptions certifies that the petition for said writ was dismissed for want of jurisdiction and because the court was unwilling to exercise its discretion in favor of the prayer of the petition.

The petition of the appellant for the writ sets up in substance the following case:

That on December 5, 1904, the appellant, Hubert W. Butler, an alderman of the city of Chicago, made a speech in the city council, in which it is alleged he said "that certain lawyers in the council will do for clients what they would not do for themselves,—that a certain element in the council want to show what they can do in the traction situation in connection with the ordinance." This led to the passage of a resolution by the council, reciting that Alderman Butler had made certain "innuendoes and charges" on the floor of the council, affecting the honor of its members, and ordering that "a committee of five be appointed by the chair to in-

vestigate the charges and report its findings to the city council." A committee was appointed by the chair, in accordance with the resolution. The appellant appeared before it and made a statement, but was not present when certain other witnesses appeared before the committee, and was told that he was not on trial nor were any charges pending against him before said committee. December 12th the chairman of the committee presented its report to the council. With it he presented also a resolution reciting that the charges made by Alderman Butler were, in the opinion of the committee, untrue and unjustifiable, and providing for his expulsion from the council. Thereupon the council appointed the afternoon of December 17th as a time to sit as a committee of the whole for the purpose of considering the resolution, "and such matters as might be presented in connection therewith." At said meeting on December 17th, before any other proceedings were had, the appellant presented a communication to the council reciting that he had been informed by the committee of investigation that he was not on trial, that he had not been present when witnesses were examined before it, that the committee was not appointed to consider charges against him, and that it would be unfair to inflict any punishment on him, as contemplated by the resolution reported by the committee. Appellant protested in said communication against any such punishment until charges against him had been filed stating with certainty the offense claimed, and until notice of these charges and of the time and place of hearing them had been served on him, and a reasonable time to appear and to answer them, and to produce testimony thereon, and to cross-examine the witnesses, had been given him.

The city council, however, immediately resolved itself into a committee of the whole, and notwithstanding appellant again presented his protest to it as such committee, proceeded to the consideration of the matter. The resolution of expulsion reported by the committee of investigation was, however, withdrawn, and another resolution presented, which substituted resolution the council in committee of the whole

24

considered and adopted. This resolution recited the alleged language of appellant at the council meeting of December 5, 1904, and declared that appellant had at a meeting held December 12, 1904, retracted his charges and declared that they had been made without foundation in fact, and that such admission showed an attempt to destroy the reputation of members of the council by deliberate mendacity. It thereupon provided for an official censure of appellant by the chair, beginning "The city council of the city of Chicago, of which you are a member, finds you guilty of deliberate and malicious false statements attacking the integrity and reputation of your colleagues." The committee of the whole reported this resolution to the council and the council adopted it. The appellant represented in his petition to the Circuit Court that the language alleged to have been uttered by him December 5th was not taken down, and that its use as alleged constituted no offense for which the city council had lawful power to censure him; that the resolution of censure was introduced for the first time at the meeting of the council as a committee of the whole December 17, 1904, and that this was illegal, because the committee of the whole was convened to consider a different resolution. He further represented that the findings of the city council in its resolution of censure were made without any charges having been preferred against him, and without any hearing or opportunity to him to cross-examine witnesses or to testify or to produce evidence in his own behalf. Wherefore he says the resolution was illegal and wholly void, and is a continuing libel on him. He therefore in his petition prays that as the law does not provide for an appeal from said resolution of censure adopted by the city council, he may have a writ of *certiorari* to the mayor, city clerk and city council, directing them to certify the record of their proceedings in this matter, to the Circuit Court, to the end that the said resolution "may be set aside, cancelled and reversed" * * * "and that the same may be expunged from the records of the council."

A large part of the briefs of counsel on both sides of this cause is devoted to a discussion of the question whether or

not the writ of *certiorari* will lie in any case from a Superior Court to an inferior tribunal exercising judicial or *quasi*-judicial powers, unless property rights are in some way involved.

This court has recently in several cases held that in proper cases the writ will so lie irrespective of the question whether property rights are involved in the matter or not. City of Chicago v. Bullis, *ante,* p. 7; City of Chicago v. Condell, *ante,* p. 64; City of Chicago v. Gillen, *ante,* p. 210.

But it only lies to inferior tribunals or bodies, exercising judicial or *quasi*-judicial functions.

The city council of Chicago is a body to which the general assembly has, under the constitution, confided legislative functions which would otherwise belong to itself, and whether it can be or not, under any circumstances, for any purpose, considered as a tribunal or, body inferior to the courts, it is certainly not exercising judicial or *quasi*-judicial functions when it is disciplining one of its own members, for words spoken in debate.

It is not necessary for us in this case to decide what, if any, remedy exists for a member unjustifiably expelled. An inference from the law would not be violent that the general assembly meant that a person complaining of such a motion should be relegated to an appeal to the people for re-election. But in this case there was no expulsion. Mr. Butler was justly or unjustly censured. For the purposes of this case, it matters not which, the council itself was the judge of whether his conduct was censurable. If he feels aggrieved, his constituency is the only superior tribunal to which he can appeal. It certainly cannot be seriously insisted, although it is suggested by counsel, that the courts should interfere in this case because the council violated its "Rules of Order." The courts are certainly not expected to rule on each question of parliamentary procedure which arises in a council meeting.

Counsel for appellant has cited various cases to enforce his argument that *certiorari* will lie from a court of general jurisdiction to a municipal legislative body in certain cases. The

laws governing and the functions confided to city councils
and boards of aldermen in different States vary greatly.
So, indeed, does the development to which courts of last re-
sort in various jurisdictions have given to the common law
writ of *certiorari*. But the words of the Supreme Court of
Minnesota *In re* Wilson, 32 Minn., 145, are applicable here.
"Cases from New Jersey have been cited.    *    *    *    The
courts of that State have probably extended the application
of this writ further than those of any other State, but our
attention has not been called to any case even from that State,
which goes as far as counsel claim."

We have examined all the cases cited by appellant and can
apply the same comment to them. Cases which hold that
*mandamus* and *quo warranto* are proper remedies to try the
question of an unlawful removal from office manifestly are
not in point. Nor are those in which the matter involved
was not the censure of a member of a municipal council,
nor even his expulsion, but the removal of some municipal
officer by a municipal council under a power limited by
statute.

The one case—Board of Aldermen v. Darrow, 13 Colo.,
460—to which we are cited, which treats of *certiorari* from
a court of general jurisdiction as a proper method of se-
curing the review of alleged improper action of a municipal
legislature towards one of its members, involves a case of at-
tempted amotion for disqualification, not censure or disci-
pline. We are not called upon, therefore, to say how far we
might in any case be disposed to regard this precedent as il-
lustrative of the law of this State.

For the reasons which we have given, we believe that had
the Circuit Court granted the writ prayed for, its action
would have been erroneous.

But there is another absolutely conclusive rule of law
governing this case.

The common law writ of *certiorari* to correct proceedings
of inferior tribunals is not a writ of right. The application
for it is addressed to the discretion of the court. If a court
grants the writ when by law it should clearly not have been

Butler v. Harrison.

granted, a reviewing court will so declare, and order the writ quashed; but if the lower court refuses the writ, a clear case of capricious, arbitrary or wilfully perverse exercise of the discretion must be made to warrant the interference of an appellate tribunal. We are not to substitute our judicial discretion for that of the court of first instance. The Trustees of Schools v. School Directors, 88 Illinois, 100.

It cannot reasonably be urged that this case is in this view a proper one for overruling the action of the Circuit Court, which is affirmed.

*Affirmed.*